UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradley Racutt and Elizabeth Racutt,     Civil No. 11-2948 (PAM/JJK)

    Plaintiffs,

v.     **ORDER**

U.S. Bank, N.A., and Firstar
Bank, N.A.

    Defendants.

---

Plaintiffs have requested that the Court clarify its Order granting in part and denying in part Defendant's Motion to Dismiss. (Docket No. 31.)  The Court ordered the parties to brief whether a breach of contract claim otherwise barred by the statute of frauds survives when equitable estoppel or part performance may apply, and both parties filed memoranda on the issue. (Docket Nos. 34, 35.)

Equitable estoppel is a doctrine in which "the party sought to be charged may be estopped from relying on the absence of a written memorandum and precluded from pleading the Statute of Frauds as an affirmative defense." Williston on Contracts 4th § 27.13. This definition makes clear that the application of equitable estoppel allows a breach of contract claim to go forward, despite the defendant's protestations that the statute of frauds prohibits that claim.

US Bank contends that application of equitable estoppel is never appropriate in cases involving the statute of frauds, because enforcing an agreement through estoppel whose

enforcement would otherwise be barred by the statute of frauds eviscerates the purpose of the statute. While it may be true that over-use of estoppel to enforce agreements that fall within the statute of frauds could potentially swallow the rule, this case does not present such a situation. Indeed, the Court reminds US Bank that the Motion before the Court was a Motion to Dismiss, testing only the allegations of the Complaint. The Court found merely that the Complaint had sufficiently alleged that equitable estoppel or part performance may apply, and thus US Bank was precluded from raising the statute of frauds as an affirmative defense at this stage.

Minnesota courts have long recognized the use of estoppel to enforce agreements otherwise required to be in writing. In a case involving an easement, for example, the Minnesota Supreme Court enforced the parties' oral agreement, despite the longstanding rule that conveyances of land must be in writing to be enforceable. Berg v. Carlstrom, 347 N.W.2d 809, 812 (Minn. 1984). As the court stated, "[a]n agreement may be taken out of the statute of frauds [ ] by part performance or by application of the doctrines of promissory or equitable estoppel." Id. The application of estoppel in the real property situation is noteworthy, because the rule against enforcement of oral agreements for the conveyance of such property is generally a hard and fast one.

In any case, the danger of which US Bank warns can be avoided through application of equitable estoppel only in cases alleging real and substantial injurious reliance. As the Indiana Supreme Court found, "to establish an estoppel to remove the case from the operation of the Statute of Frauds, the party must show [ ] that the other party's refusal to

carry out the terms of the agreement has resulted not merely in a denial of the rights which the agreement was intended to confer, but the infliction of an unjust and unconscionable injury and loss." Coca-Cola Co. v. Babyback's Int'l, Inc., 841 N.E.2d 557, 569 (Ind. 2006) (quotations omitted). While Minnesota courts might not place so high a bar on the use of estoppel in statute of frauds cases, here the injury of which Plaintiffs complain is both unjust and unconscionable. Thus, they have sufficiently established at this stage of the litigation that estoppel might save their claims, including their breach of contract and promissory estoppel claims, from the statute of frauds. Plaintiffs are therefore entitled to proceed on these claims.

Dated:   March 27, 2012

    *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge